Judge Underwood
delivered the opinion of the Court.
Wall’s administrator brought an action of assumpsit against Peniston, to recover money lent and advanced by her intestate. Upon the trial, she offered in evidence, an instrument or piece of writing, in the following language, to-wit: “January 21st, 1823, sent Robert P. Peniston fifty-six dollars, I say received by me. ROBERT P. PENISTON.”
She proved, on offering the foregoing instrument in evidence, that it was found, after the death of her intestate, among his papers, and that it was in the hand writing of Peniston. The court permitted the said writing to be read as evidence to the jury, and informed them that it was “only a circumstance which they might consider connected with the other matters stated by the witness, and give it such weight, as in their opinion it was entitled to.” Peniston excepted to the opinion of the court, in permitting the said paper to be read as evidence; and this constitutes the only question for our revision.
The court did not err. This case is not like those of Holley’s administratrix vs. Christopher, III. Monroe, 16-7, and Colyer vs. Jackson, lb. 24. In these cases, the parol contracts merged in the written contracts. In these cases, the terms of the contracts were expressed by the writings. The obligors and obligees, and the duty to be performed, were expressed in writing, and thus the writings contained certainty upon their face, and would constitute valid foundations for recoveries, by appropriate actions, without the aid of parol testimony or averments, dehors the writing. Not so here. The above instrument contains neither promise nor promisee, and without the aid of proof, aliunde could not constitute a good foundation for a recovery by Wall’s adminis-tratrix, in any form of action, which might be instituted upon it. It was, therefore, as the court correct *38 ly decided; but a circumstance, to which the jury might give such weight as they thought it deserved.
Hoggin, for plaintiff; Crittenden, for defendant.
Judgment affirmed, with costs and damages.